```
___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

         MAY 1 1 2012

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RANDI ORZOFF, | |
| Plaintiff, | |
| v. | 2:11-cv-1935-RCJ-RJJ |
| BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A., and DOES 1-10, inclusive, | **ORDER** |
| Defendants. | |

Currently before the Court is a motion to dismiss the complaint for failure to state a claim (#7) brought by Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, and ReconTrust Company, N.A. (collectively "Defendants"). Because Plaintiff has failed to state a claim on all causes of action in the complaint, Defendants' motion to dismiss (#7) is hereby granted.

## BACKGROUND[1]

Plaintiff Randi Orzoff purchased the property located at 9620 Kelley Creek Avenue, Las Vegas, Nevada 89129 (the "Property") in August of 2003. (Clark Cnty. Records (#7-1)). In September of 2006, Plaintiff refinanced the Property by obtaining a $232,000 loan from

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (See Mot. to Dismiss (#7) at 2 n.1). The Court will take judicial notice of these public records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1  Countrywide Bank, N.A., which was secured by a deed of trust (the "Deed of Trust"). (Deed
2  of Trust (#7-2) at 2). The Deed of Trust listed Countrywide Bank, N.A. as lender, ReconTrust
3  Company, N.A. as trustee, and Mortgage Electronic Registration System ("MERS") as
4  nominee and beneficiary. (Id.). Countrywide Bank became later known as BAC Home Loan
5  Servicing, LP, which later was acquired through merger by Bank of America, N.A. (Compl.
6  (#1) at 1-3).

7  Plaintiff defaulted on the loan secured by the Deed of Trust on December 1, 2007.
8  (Mot. to Dismiss (#7) at 3). ReconTrust recorded a notice of default and election to sell under
9  deed of trust (the "Notice of Default") on April 22, 2008. (Notice of Default (#7-3)). The Notice
10 of Default was signed by Gary Trafford and notarized by Tracy Lawrence. (Id.). Gary Trafford
11 was later indicted on November 16, 2011 by the Clark County Grand Jury on 606 counts of
12 directing and supervising a "robo-signing" scheme. (Compl. (#1) at 3). Tracy Lawrence later
13 admitted to the Nevada Attorney General that she notarized over 25,000 fraudulent
14 documents. (Id. at 3-4).

15 Plaintiff filed her first complaint in the Eighth Judicial District Court of the State of
16 Nevada on June 4, 2008, against Countrywide Bank, ReconTrust, and MERS. (Register of
17 Actions (#7-4)). The case was dismissed without prejudice on June 22, 2009 after a hearing.
18 (Id.). Following the dismissal, Plaintiff did not cure the default and therefore ReconTrust, as
19 trustee, recorded a notice of trustee's sale on December 2, 2010. (Notice of Trustee's Sale
20 (#7-5)).

21 Plaintiff filed her second complaint in this Court on December 19, 2010, against Bank
22 of America, BAC Home Loans Servicing, and ReconTrust. (See Case No. 2:10-cv-2202-JCM-
23 GWF (#1)). The second complaint included claims of: (1) breach of contract against Bank of
24 America; (2) negligence against ReconTrust for allowing employees to engage in "robo-
25 signing"; and (3) deceptive trade practices. (Compl. (#7-6) at 5-7). The defendants filed a
26 motion to dismiss all causes of action against them for failure to state a claim on January 31,
27 2011. See Orzoff v. Bank of Am., N.A., 2011 WL 1539897, at *1 (D. Nev. 2011). On April 22,
28 2011, the Court dismissed Plaintiff's breach of contract claim with prejudice. Id. at **1-2. The

1  Court further held that Plaintiff's claim for negligence failed to state a claim because
2  ReconTrust did not owe a duty of care to Plaintiff, despite Plaintiff's assertion that ReconTrust
3  was a fiduciary and a common agent of both the trustor and beneficiary. *Id.* at **2-3. The
4  Court accordingly dismissed Plaintiff's negligence claim without prejudice. *Id.* at *3. The
5  Court also dismissed Plaintiff's third claim for deceptive trade practices without prejudice,
6  finding this claim was moot after Plaintiff's first claim had been dismissed. *Id.* Plaintiff did not
7  amend her complaint and the matter was dismissed.

8  Plaintiff filed her current complaint in this Court on December 5, 2011 against BAC
9  Home Loans Servicing and ReconTrust. (Compl. (#1)). The complaint again contains three
10 causes of action: (1) negligence; (2) deceptive trade practice; and (3) declaratory relief. (*Id.*
11 at 4-6). Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) on
12 December 27, 2011. (Mot. to Dismiss (#7)). Oral argument was held on March 9, 2012.

13                              **LEGAL STANDARD**

14  The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test
15 the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
16 "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled
17 to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th
18 Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

19  To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a
20 claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,
21 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim
22 is plausible on its face "when the plaintiff pleads factual content that allows the court to draw
23 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
24 Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although detailed factual allegations are
25 not required, the factual allegations "must be enough to raise a right to relief above the
26 speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be
27 accepted as true and all reasonable inferences that may be drawn from the allegations must
28 be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d

1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I. Negligence

"To recover under a negligence theory, the complainant must prove four elements: (1) that defendant owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant suffered damages." *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995).

Plaintiff's negligence claim in her current complaint is an exact copy of the negligence claim from her previous complaint filed in this Court. No new allegations have been made and Plaintiff merely reiterates her belief that ReconTrust owed her a duty "to perform its professional services in a manner which placed Plaintiff's interests above the Defendant and to deal honestly, directly, and accurately with the Plaintiff, each other and in the documents." (Compl. (#1) at 4). Plaintiff again alleges that ReconTrust breached this duty by "allowing or requiring its employees to conduct 'robo' signing procedures" of her mortgage documents. (*Id.*).

ReconTrust however did not breach any duty owed to Plaintiff. As this Court noted in the order dismissing her previous complaint, "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." *Orzoff v. Bank of Am., N.A.*, 2011 WL 1539897, at *3 (D. Nev. 2011) (quoting *Pro Value Properties, Inc. v. Quality Loan Serv. Corp.*, 170 Cal.App. 4th 579, 583 (Cal. App. 2009)). "[T]he scope and nature of the trustee's duties are exclusively defined by the deed of trust and

4

the governing statutes . . . no other common law duties exist." *Id.* (quoting *Pro Value Properties*, 170 Cal.App. 4th at 583).

Just as she did in her earlier complaint, Plaintiff argues that ReconTrust breached its duty to her as the common agent for both the trustor and beneficiary in "robo-signing" the documents related to her loan. (Opp'n to Mot. to Dismiss (#10) at 3-4). But Plaintiff does not dispute that she defaulted on her mortgage and that she received the notices required under NRS § 107.080. (*See, e.g.,* Notice of Default (#7-3); Notice of Trustee's Sale (#7-5)). As this Court previously stated in dismissing this claim, ReconTrust cannot be held negligent for complying with its duty to foreclose. *See Orzoff*, 2011 WL 1539897, at *3; *see also* NEV. REV. STAT. § 107.080(1) ("[A] power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security.").

As Plaintiff has already been given an opportunity to amend her complaint and instead chose to simply re-plead an exact copy of her previously dismissed negligence claim, this claim is hereby dismissed with prejudice.

## II. Deceptive Trade Practices

Plaintiff next alleges that Defendants engaged in deceptive trade practices because the Notice of Default was "robo-signed" by Gary Trafford. (Compl. (#1) at 4-5). The Nevada Deceptive Trade Practices Act (the "NDTPA") prohibits deceptive conduct in connection with the purchase of goods or services. NEV. REV. STAT. § 598. Because the NDTPA only prohibits deceptive conduct in connection with the purchase of goods and services, it does not apply to real estate loan transactions. *Archer v. Bank of Am. Corp.*, 2011 WL 6752562, at *2 (D. Nev. 2011) ("This court . . . finds that NRS § 598 does not apply to real estate transactions."); *Reyna v. Wells Fargo Bank, N.A.*, 2011 WL 2690087, at *9 (D. Nev. 2011) (dismissing a NDTPA claim because "NRS § 598 . . . applies only to goods and services and not to real estate loan transactions"); *Alexander v. Aurora Loan Servs.*, 2010 WL 2773796, at *2 (D. Nev. 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore, [NRS § 598] does not provide an avenue for relief to Plaintiff."). The transaction in this matter was a real estate loan, and thus the NDTPA does not apply. Because the NDTPA

does not apply to the transaction in question and because this is the second time Plaintiff has brought a claim under the NDTPA when it clearly does not apply, this claim is dismissed with prejudice.

### III. Declaratory Relief

In her third cause of action, Plaintiff seeks an order declaring that Defendant BAC Home Loans Servicing does not have standing to institute and complete a nonjudicial foreclosure. (Compl. (#1) at 6). Plaintiff seems to argue that she is entitled to declaratory relief because her note was split from the Deed of Trust. (*Id.*). The theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected by this Court and the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortg. Co., LLC*, 761 F.Supp.2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortg. Servs.*, 2012 WL 214302, at *4 (D. Nev. 2012); *Parker v. GreenPoint Mortg. Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev. 2011); *Wittrig v. First Nat'l Bank of Nevada*, 2011 WL 5598321, at **5-6 (D. Nev. 2011). Because Plaintiff is not entitled to declaratory relief on the theory that her note has been split from the Deed of Trust, this claim is dismissed without leave to amend.

### CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#7) is GRANTED and all claims in the complaint are dismissed without leave to amend.

DATED: This 11th day of May, 2012.

_____
United States District Judge